IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**CHAVERIAN AVERY**                                                                                           **PLAINTIFF**
**ADC #172665**

v.                                            No: 5:19-cv-00104 KGB-PSH

**DARRELL ELKINS,** *et al.*                                                              **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Chaverian Avery filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 22, 2019, while incarcerated at the W.C. "Dub" Brassell Adult Detention Center (Doc. No. 1). He named Darrell Elkins, Deputy Lewis, and Tyra Tyler-Johnson as defendants. Avery was ordered to file an amended complaint describing how he was injured and why he sued defendants in their official capacities. Doc. No. 5. That order notified Avery that an amended complaint would render his original complaint without legal effect.

Avery filed an amended complaint on May 6, 2019. It names Elkins as the only defendant, and states that he sues Elkins in his personal capacity only.[1] *Id.* For the reasons stated herein, Avery's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Avery complains that defendant Elkins, a doctor, recklessly discussed his medical condition in front of other inmates at the W.C. "Dub" Brassell Adult Detention Center. Doc. No.

---

[1] Avery does not identify Lewis or Tyra Tyler-Johnson as defendants in the amended complaint and asserts no claims in which they are identified. Therefore, the Clerk of the Court is instructed to remove Lewis and Tyra Tyler-Johnson as defendants in the style of the case.

12 at 4. Avery alleges the inmates have since spread lies about his health. *Id.* Avery does not specifically describe what medical information was disclosed or complain that he faces a risk of harm based on the disclosure of that information. Avery has since been moved to the Arkansas Department of Corrections' Wrightsville Unit. He does not specify whether any of the inmates who became aware of his medical information are also incarcerated at the Wrightsville Unit.

The facts alleged by Avery fail to state an actionable constitutional claim. There is no private right of action to enforce a violation of the Health Insurance Portability and Accountability Act (HIPAA). HIPPA "cannot be privately enforced either via § 1983 or through an implied right of action." *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137 (8th Cir. 2009). Additionally, Avery does not describe any injury or risk to his safety as a result of the disclosure of his medical condition that might support an Eighth Amendment failure-to-protect claim. Accordingly, Avery does not allege sufficient facts to state a claim that defendants were deliberately indifferent to a substantial risk of serious harm. *See Irving v. Dormire,* 519 F.3d 441, 447 (8th Cir. 2008) (To succeed on a failure-to-protect claim, plaintiff must show that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk.); *Jones v. Wallace*, 641 Fed. Appx. 665, 666 (8th Cir. 2016) ("[T]he deprivation alleged must be, objectively, 'sufficiently serious.'"). Avery's complaint fails to state a claim upon which relief may be granted and should be dismissed.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Avery's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

      2.      Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

      3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 21st day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE